UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONNA WHITE,<br><br>       Plaintiff,<br><br>   v.<br><br>CITY OF OAKLAND,<br><br>       Defendant. | Case No. 11-cv-03846 NC<br><br>**ORDER RESOLVING DISCOVERY DISPUTE; VACATING HEARING; AND EXTENDING SUMMARY JUDGMENT DEADLINE**<br><br>Re: Dkt. No. 52 |

The procedural posture of this ADA access case is that the parties report that the case has partially settled, fact discovery ended January 17, the filing deadline for summary judgment has been extended to February 10, and trial is scheduled for May 12. One week after the close of fact discovery, the parties filed a joint statement of discovery dispute in which White requested that the Court compel Oakland to produce additional documents and to produce witnesses, including Mayor Jean Quan, for depositions. The Court requested additional information and proposed orders, which the parties provided. The Court has reviewed the materials submitted by both parties and does not need a hearing to decide the remaining issues in dispute. Accordingly, the Court vacates the February 5 hearing and orders as follows:

**DOCUMENTS REQUESTED BY WHITE**

1. Documentation of the City's analysis in 1986 regarding exceptions to its access obligations.

    ORDER: Denied, as Oakland declares it possesses no responsive documents.

2. Documents regarding whether the City sought Recovery Act funds for the Woodminster Amphitheatre, or for other facilities.

    ORDER: Denied, as Oakland declares it possesses no responsive documents. As to the request for documents "for other facilities," the request is denied due to lack of relevance.

3. Departmental transition plan survey(s) and self-evaluation relating to Woodminster Amphitheatre.

    ORDER: Denied, as Oakland declares it has produced responsive documents.

4. Cost estimate for the transition plan.

    ORDER: Denied, as Oakland declares it possesses no responsive documents.

5. Documents showing that Woodminster was de-prioritized because of the need to fund court-ordered changes resulting from lawsuits.

    ORDER: Denied, as Oakland declares it possesses no responsive documents.

6. Final version of the ADA program division Capital Improvement Project history, fiscal years 1997 to 2011, authored by Christine Calabrese.

    ORDER: Granted. Oakland to produce all responsive documents by February 5, 2014.

7. Operating agreement between City and Producers Associates since 2008 including appendices.

    ORDER: Denied, as Oakland declares it possesses no responsive documents.

8. Documents responsive to Plaintiff's Request for Production of Documents number 4: "any and all DOCUMENTS in YOUR POSSESSION identifying any and all employees and/or aides to Mayor Jean Quan who were at the subject property on October 9, 2011."

ORDER: Granted. Oakland to produce all responsive documents by February 5, 2014.

9. Photographs and/or drawings of the seating at Woodminster Amphitheatre showing the seating before 1975, after the 1975 alterations, after the 1986 alterations, and at the time of plaintiff's visits 2010-2011, as identified in plaintiff's Request for Production of Documents number 12.

ORDER: Denied, as Oakland declares it possesses no responsive documents beyond documents previously produced.

## DEPOSITIONS REQUESTED BY WHITE

White asks the Court to compel five depositions of Oakland witnesses and two depositions of persons most knowledgeable under Federal Rule of Civil Procedure 30(b)(6). As to the deposition of Hatzune Aguilar-Sanchez, described as an aide to Mayor Quan with knowledge of the Mayor's information table at Woodminster on October 9, 2011, the request is GRANTED. The deposition is limited to four hours and must be completed by February 10, 2014.

White's request to compel additional depositions is DENIED for lack of good cause. White has failed to establish that these depositions are necessary and not duplicative of other discovery in the case. Moreover, her counsel has not established diligence in scheduling the depositions during the period permitted for discovery.

## SUMMARY JUDGMENT MOTION DEADLINE EXTENDED

Given White's need to review the additional documentary evidence to be produced by February 5 and to prepare for and complete the Aguilar-Sanchez deposition, the Court extends the deadline for filing dispositive motions to February 24, 2014. All other case deadlines remain in place.

IT IS SO ORDERED.

Date: February 3, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 11-cv-03846 NC
DISCOVERY ORDER                                                3